UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18cv80776

DENA WITT, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                           **COMPLAINT – CLASS ACTION**

VALENTINE & KEBARTAS, LLC,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative classes, Plaintiff DENA WITT ("Plaintiff"), seeks redress for the unlawful conduct of Defendant, VALENTINE & KEBARTAS, LLC. ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations § 1692g(a)(1), § 1692g(a)(2), §1692(e)(2) and/or §1692(10) of the FDCPA.

**INTRODUCTION**

1.     The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to consumers in an attempt to collect a debt, and in each such letter, Defendant has failed to clearly and adequately disclose the name of the current creditor the debt is owed, in violation of § 1692g(a)(2). Defendant is also liable to Plaintiff and class members for violating several provisions under § 1692g and § 1692e of the FDCPA by falsely and deceptively misrepresenting the amount if the debt due.  Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

5. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

6. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

8. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Martin county, Florida.

9. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

10. Defendant is a Massachusetts limited liability company, with its principal place of business located in Lawrence, Massachusetts.

11. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

12. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

15. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about October 14, 2017, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

18. The Collection Letter fails to inform Plaintiff and members of the class that the alleged debt is subject to change due to accruing interest and/or fees pursuant to the agreement that formed the underlying debt in violation of 15 U.S.C §1692g(a)(1).

19. The Collection Letter also fails to clearly and adequately state who exactly is the *current creditor* of the debt as it is required to do under 15 U.S.C §1692g(a)(2) of the FDCPA.

20. Although the Collection Letter states that the that the *original creditor* is Capital One, N.A., nowhere in the Collection Letter does it state who the *current creditor* of the debt is as Defendant is required to clearly and effectively convey pursuant to 15 U.S.C §1692g(a)(2) of the FDCPA.

21. Defendant's letter merely states, "Owner Name: LVNV Funding LLC."

22. Mere allusions to the creditor's identity are insufficient. The Collection Letter must specifically and clearly identify the creditor of the Consumer Debt.

23. However, Defendant's Collection Letter letter fails to identify any entity or party as "*current creditor*" to whom the debt is owed.

24. This confusion is magnified by the fact that Plaintiff received a letter from Capital One, N.A. *less than a month before receiving the Collection Letter* stating that the Consumer Debt was sold to and now owned by "*Sherman Originator III, LLC.*" A copy of the Capital One N.A. letter is attached as "Exhibit B." Nowhere is *Sherman Originator III, LLC* identified in the Collection Letter as the *current creditor*.

25. As such, not only would the least sophisticated consumer be confused as to who the current creditor of the debt is, but Plaintiff still, in fact, has no idea as to who is the current creditor of the Consumer Debt.

26. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## **CLASS ACTION ALLEGATIONS**

20. This action is brought on behalf of the following two classes:

The Failure to Name Creditor Class:

> (i) all persons in the State of Florida (ii) who were sent a letter (iii) between June 14, 2017 and June 14, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant failed to properly disclose the name of the creditor to whom the debt is owed pursuant to 15 U.S.C §1692g(a)(2).

and

The Failure to Inform of Accruing Interest and Fees Class:

> (i) all persons in the State of Florida (ii) who were sent a letter (iii) between June 14, 2017 and June 14, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant failed to inform consumers of the fact that the alleged debt it sought to collect was legally accruing interest and/or fees pursuant to the underlying credit agreement with the original creditor in violation of 15 U.S.C. §1692g(a)(1), §1692e, 1692e(2) and/or (10).

21. Plaintiff alleges on information and belief that the classes are so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to members of the classes attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

22. Common questions of law and fact exist to the classes and predominate over any issues involving only individual class members.

23. With respect to the Failure to Name Creditor Class:

   (a) The *factual issues common* to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

  (b) The *principal legal issue* of the Class is whether Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to clearly, adequately, and effectively name of the creditor to whom the debt is owed.

24. With respect to the Failure to Inform of Accruing Interest and Fees Class:

  (c) The *factual issues common* to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

  (d) The *principal legal issue* of the Class is whether Defendant violated 15 U.S.C. §1692g(a)(1) and/or §§1692e, 1692e(2) and (10) by failing to inform consumers of the fact that the alleged debt it sought to collect was legally accruing interest and/or fees pursuant to the underlying credit agreement with the original creditor.

24. Excluded from the Classes are Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

25. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

26. Plaintiff is an adequate representative for the Classes.

27. Plaintiff will fairly and adequately protect the interests of the Classes.

28. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them to not vigorously pursue this action.

D. *PREDOMINANCE AND SUPERIORITY*

29. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff requests certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

31. Defendant violated §1692g(a)(2) of the FDCPA by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of the name of the creditor to whom the Consumer Debt is owed, in that, the Collection Letter fails to identify any entity as being the "current creditor." *See* Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid §1692g(a)(2) claim).

32. Here, in the Collection Letter, Defendant fails to clearly identify any entity as the *current creditor* of the debt. No person or entity is identified as the current creditor as §1692g(a)(2) requires debt collectors to disclose.

33. Courts have consistently held that "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." McGinty v. Professional Claims Bureau, Inc., Case No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see also*, Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12–cv–00916 NC, 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a)(2)); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor"); Dix v. Natl. Credit Sys., Inc., 2:16-CV-3257-HRH, 2017 WL 4865259, at *2 (D. Ariz. Oct. 27, 2017) ("[a]ll defendant did was name the current creditor. Defendant did nothing to identify 'Metro on 19th' as the current creditor. Thus, plaintiff is entitled to summary judgment on his section 1692g(a)(2) claim"); Datiz v. International Recovery Associates, Inc., Case No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) (because collection letter "did not make it *explicit* that [the hospital] was the current creditor to whom the plaintiff owed a debt" summary judgement was granted in favor of Plaintiff's §1692g(a)(2) claim).

WHEREFORE, Plaintiff, individually and on behalf of the Failure to Name Creditor Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

## *COUNT II.*
## **VIOLATION OF 15 U.S.C. § 1692g(a)(1) and § 1692e et seq.**

34.  Defendant violated § 1692(g)(a)(1) and § 1692e *et seq.* of the FDCPA by failing to adequately inform Plaintiff and class members of the true amount owed to the current creditor, by falsely representing the character and/or amount of the debt, and by utilizing false representations and/or deceptive means in collecting and/or attempting to collect the consumer debt from Plaintiff and class members. In short, Defendant failed to provide an explicit disclosure of accruing interest and or fees for which the current creditor can recover.

35.  Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." *See* 15 U.S.C. §1692g(a)(1). That notice must be contained in either the initial communication regarding the debt, or in another communication "[w]ithin five days after the initial communication." Id. Critically, however, "[s]imply stating the amount due is not enough." Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *4 (S.D. Fla. Jan. 26, 2012) (citing Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 948 (7th Cir.2004). The collection letter "must state the amount of the debt 'clearly enough that the recipient is likely to understand it.'" Melillo, 2012 WL 253205 at *4 (quoting Williams v. OSI Educ. Servs., Inc., 505 F.3d 675, 677 (7th Cir.2007)); *see also* Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed"); Weiss v. Zwicker & Assocs. ., P.C., 664 F.Supp.2d 214, 217 (E.D.N.Y.2009) (finding letter failed to state amount of debt where a consumer reading it could reasonably interpret the amount of debt in two ways); Fuller v. Becker & Poliakoff, P.A., 192 F.Supp.2d 1361, 1370 (M.D.Fla.2002) (finding letter failed to state amount of debt where it listed different amounts consumers may owe depending on when payments began, and did not indicate whether consumers owed the full amount stated or when payments began).

36. Similarly, §1692e of the FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

37. In particular, §1692e(2)(A) and §1692e(10) explicitly prohibit "[t]he false representation of the character, amount, or legal status of any debt" and " use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. 15 U.S.C. §§1692e(2)(A) and (10). *See*, *e.g.*, Dragon v. I.C. System, Inc., 483 F.Supp.2d 198, 201–03 (D.Conn.2007) (finding that a collection letter violated §1692g(a)(1) and §§1692e(2) and (10) by not "specifically indicat[ing] the date as of which the 'BALANCE DUE' amount was the full amount of the debt," and was "potentially misleading for the least sophisticated consumer who could readily conclude that the total amount stated as due . . . was due *at any time* when in fact it was not and was subject to adjustment . . . on a periodic basis." (emphasis in original)); Hepsen v. J.C. Christensen & Associates, Inc., 2009 WL 3064865, at *4–5 (M.D. Fla. Sept. 22, 2009) ("A dunning letter must state the exact and correct amount of the debt in order to comply with § 1692g(a)(1) [and] [w]hen a debt collector demands an incorrect amount of money in a dunning letter, it makes a false and misleading representation in violation of § 1692e(2)(A).").

38. Here, the Consumer Debt is to be calculated as the sum of the principal portion of the original debt and, *inter alia*, the interest and fees which may be added to said principal pursuant to underlying agreement between Plaintiff and the original creditor. Critically, however, the amount that the current creditor (whomever it may be) is entitled to recover from Plaintiff goes much further.

39. "In diversity cases, federal courts should follow state law governing the award of prejudgment interest." Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp., 526 F. Supp. 2d 1251, 1261 (S.D. Fla. 2007) (citing Seb S.A. v. Sunbeam Corp., 476 F.3d 1317, 1320 (11th

Cir.2007)). "Under Florida law, 'when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.'" Chalfonte, 526 F. Supp. 2d 1251, 1261 (S.D. Fla. 2007) (quoting Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985); *See also* Aker v. Americollect, Inc., 2017 WL 1352089 (7th Cir. Apr. 13, 2017) (holding that a debt collector's inclusion of statutory interest in the amount of the debt, without having first secured a judgment, was an accurate representation of the amount of the debt, and otherwise in conformity with the FDCPA, because under [state] law, statutory interest accrued from the moment of breach).

40.     "[T]he Florida Supreme Court has said prejudgment interest is allowable after a demand of payment of an unsettled claim, for goods supplied or services rendered, from the time of the demand; and where the demand sued for is a money debt, from the time the debt became legally due and payable." Diversified Commercial Developers, Inc. v. Formrite, Inc., 450 So. 2d 533, 535–36 (Fla. Dist. Ct. App. 1984) (citing Brite v. Orange Belt Securities Company, 133 Fla. 266, 275–76 (1938); *see also* English and American Insurance Company v. Swain Groves Inc., 218 So.2d 453 (Fla. 4th DCA 1969) ("In actions *ex contractu* it is proper to allow interest at the legal rate from the date the debt was due. The fact that there is an honest and bona fide dispute as to whether the debt is actually due has no bearing on the question. If it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but also to the interest at the lawful rate from the date due thereof.").

41.     Here, Defendant failed to provide an explicit disclosure of accrued and accruing contractual interest and/or fees per agreement with the original creditor which the current creditor can legally recover, and as a result, the least sophisticated consumer can easily be misled or confused as to the amount of the Consumer Debt. *See* Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000)) ("A debt collection letter is deceptive if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Russell v. Equifax A.R.S., 74

F.3d 30, 35 (2d Cir. 1996)). For example, the least sophisticated consumer may believe that he or she can pay the Consumer Debt, in-full, by remitting the principal and interest stated in the Collection Letter to the current creditor, regardless of how much time has passed. This is, of course, legally false.

42. The necessity of information which Defendant omitted from the Collection Letter was an issue Judge Kathleen M. Williams recently addressed in Anselmi v. Shendell & Associates, P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]*. *See* Id. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

43. Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant still chose to wrongfully conceal necessary and pivotal information from Plaintiff – for example – Defendant did not inform the least sophisticated consumer that the Consumer Debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the Consumer Debt was subject to the accrual of interest or other charges; Defendant did

not state whether the Consumer Debt had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion of the Consumer Debt; Defendant did not state how or when the purported amount owed by Plaintiff had been calculated; and Defendant failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from Plaintiff upon securing a judgment against Plaintiff.  *See* Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017) (finding that the amount provided did not satisfy § 1692g(a)(1) because the collection letter "omit[ed] information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." (emphasis added)); Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016) ([b]ecause the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.); Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014) ("A debt collector is [] required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis." (citing Miller*,* 214 F.3d 872 at 876).

44. Late last year, this Court adopted the 2nd Circuit's reasoning in Avila.  In Pimentel v. Nationwide Credit, Inc., this Court, in addressing this very matter, held that:

> It appears that defendant's collection letters create the very issue about which the *Avila* court was concerned.  Based on the wording of the collection letters, if plaintiff were to remit the "account balance" shown on the letters, she would not know whether she had paid the debt in full. Thus, plaintiff has adequately alleged a violation of § 1692e.

17-20226, 2017 WL 5633310, at *2 (S.D. Fla. Nov. 13, 2017)

45. Thus, in light of the forgoing, Defendant violated §1692g(a)(1) and §§1692e, 1692e(2) and (10) of the FDCPA by failing inform the least sophisticated consumer of the interest, and/or fees which the Consumer Debt *was and is* subject to collection by the current creditor.

WHEREFORE, Plaintiff, individually and on behalf of the Failure to Inform of Accruing Interest and Fees Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

DATED: June 14, 2018

Respectfully Submitted,
/s/ Jibrael S. Hindi                        .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*